**Naids v. Keystone Eye Assoc Associates, LLC**

*Daniel S. Bernheim* and *Matthew R. Skolnik,* for plaintiff.

*Eric C. Milby* and *Stuart R. Lundy,* for defendants Sharon Huber, Mary DeFrancisco, Leo Santamarina, John Siliquini Jr, Dennis Slochower and Keystone Eye Associates, LLC.

SNITE, *J.,* June 7, 2013— In 2004 John Siliquini, M.D. and former partner Joanna Fisher, M.D. of Siliquini, Fisher & Associates merged with defendant Dennis Slochower, M.D. and plaintiff Richard Naids, M.D. of Northeastern Eye Associates to form Keystone Eye Associates. Doctor Fisher subsequently sued Keystone Eye Associates including suing Doctors Slochower, Naids, and Siliquini for disputes arising out of her departure from Keystone Eye Associates. Defendants now ask for the removal of Alan Frank, Esquire, counsel for plaintiff Doctor Naids,

pursuant to Rule 1.9(a) of the Professional Rules of Conduct, due to Mr. Frank's representation of defendant Doctor Siliquini in a 2006 partnership dispute with Doctor Fisher.

Rule 1.9(a) of the Rules of Professional Conduct provides as follows:

A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in...a substantially related matter in which that person's interest are materially adverse to the interests of the former client unless the former client gives informed consent.

While Doctor Siliquini understood Doctor Fisher's complaints against Doctors Slochower and Naids and Keystone Eye Associates, he did not agree that Doctor Fisher's complaints were egregious enough to rise to the level of departure from the partnership. While Doctor Siliquini was a named defendant, he remained somewhat sympathetic to Doctor Fisher's complaints.

As Doctor Fisher's suit progressed, Doctor Siliquini became worried about the finances and bookkeeping of Siliquini, Fisher & Associates. Although there had been a merger, Siliquini, Fisher & Associates kept some separate financial holdings until a complete "winding-up" of the former association. He believed that Doctor Fisher had and was misappropriating funds from the Siliquini-Fisher bank account. This caused Doctor Siliquini to seek separate representation against plaintiff Doctor Fisher. Doctor Naids suggested Mr. Frank. Mr. Frank was hired by Doctor Siliquini and proceeded to serve pre-complaint

discovery on Doctor Fisher.

Mr. Frank claims that the varying roles of the parties and attorneys in the two disputes of *Fisher v. Keystone Eye Associates* and *Siliquini v. Fisher* would not preclude him from representing plaintiff Doctor Naids in the instant action.

However, the court accepts Doctor Siliquini's averments that Mr. Frank was privileged to his private thoughts and concerns about the operation of Keystone Eye Associates including his private thoughts concerning the strengths and weaknesses of other partners including Doctors Slochower and Naids. The court also accepts Doctor Siliquini's averments that Mr. Frank appeared to have access to both Doctor Slochower and the firm accountant Alan Roomberg, now both defendants in the present action. Mr. Frank's role in pursuing Doctor Fisher for the Fisher-Siliquini dispute was seen by Doctors Slochower and Naids as compatible in the case against Doctor Fisher. Furthermore, the court notes that Keystone Eye Associates paid Mr. Frank's bills during his representation of Doctor Siliquini in the Fisher-Siliquini dispute.

The court reiterates that the prior action and the present action involve a substantially related matter involving the same types of causes of action, the same parties, and similar if not identical allegations. Additionally, the background information Mr. Frank learned through his representation of Doctor Siliquini in the Fisher Siliquini dispute is substantially similar to the instant action and involves the same issues to be litigated in the present case.

The court is also not moved by Mr. Frank's argument

that Doctor Siliquini is incapable of, or refuses to, articulate specific instances wherein Doctor Siliquini can clearly demonstrate that he will be harmed by Mr. Frank's representation of plaintiff Doctor Naids. First, Mr. Frank's previous access to privileged thoughts of the people involved in the present action greatly disturbs the court. Second, there is absolutely no way Doctor Siliquini can be forced to air in public in this preceding his private attorney client conversations. (There is specifically one instance that is particularly troubling to the court where Mr. Frank asked Doctor Siliquini in his deposition conducted to decide this motion about some legal irregularities that Doctor Siliquini disclosed to Mr. Frank during his representation. Clearly, Doctor Siliquini cannot be questioned on this issue in discovery or at trial.) The purpose of a disqualification proceeding is not for a client to disclose everything communicated to his attorney.

The court fully understands the difference in what occurred years ago in the Fisher versus Keystone Eye Associates dispute in which Mr. Frank was not counsel for a party, and in the Siliquini versus Fisher preliminary litigation in which Mr. Frank was Doctor Siliquini's counsel. The differences are not persuasive due to existence of "deep background" privileged communications that did occur.

The court also does not find persuasive plaintiff's argument that defendant Doctor Siliquini waived a conflict by not taking action sooner. The court wanted to act on the instant motion earlier, but to do so would have put plaintiff at a severe disadvantage due to the ongoing and immediate action required in the emergency motion for

injunctive relief.

The purpose of a disqualification proceeding is to determine whether it is appropriate for Mr. Frank to now be counsel for Doctor Siliquini's adversary. As such, the court finds that Mr. Frank's representation of plaintiff doctor in the present action is not appropriate and he must be disqualified as plaintiff's counsel.

## ORDER

And now, this 7th day of June, 2013, upon consideration of plaintiff's petition for preliminary injunction, and any response in opposition thereto, it is hereby ordered that said preliminary injunction is denied without further hearing and without prejudice.[1]

It is further ordered that the order dated June 4, 2013 scheduling a hearing for June 18, 2013 is vacated.

---

1. A hearing was listed for June 18, 2013 in contemplation of, inter alia, an orderly transition of Doctor Naids departure from Keystone Eye Associates originally scheduled to occur on August 9, 2013. Plaintiff Doctor Naids accelerated his departure date to May 31, 2013 triggering additional supplements to the original injunction filings. Immediate concerns of the parties were addressed by phone conferences held on Wednesday May 29, 2013 and Tuesday June 4, 2013 which lead to partial agreement by the parties. The court did not wish to act on further requests at that time. The court is now of the opinion that plaintiff's remaining preliminary injunction requests are essentially requesting the court to walk the parties through dissolution. This court refuses to do so.